[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15134
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-20696-FAM-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAIME VALENCIA MINA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 9, 2019)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Jaime Valencia Mina appeals his conviction and 327-month sentence for

conspiring to possess with the intent to distribute 5 kilograms or more of a controlled

substance while on board a vessel subject to the jurisdiction of the United States,

pursuant to 46 U.S.C. §§ 70503(a)(1) and 70506(b) and 21 U.S.C. § 960(b)(1)(B). On appeal, Mina argues that: (1) despite our binding precedent to contrary, the Maritime Drug Law Enforcement Act ("MDLEA") is unconstitutional; and (2) his sentence is unreasonable because the court improperly weighed the relevant factors and created an unwarranted sentencing disparity. After careful review, we affirm.

We review the question of whether a statute is constitutional de novo. United States v. Cruickshank, 837 F.3d 1182, 1187 (11th Cir. 2016). We typically review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted). However, failure to preserve an objection for procedural reasonableness at sentencing means that we may only review for plain error. United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014). The objection must apprise the trial court and the opposing party of the specific grounds on which appellate relief will be sought. United States v. Carpenter, 803 F.3d 1224, 1237–38 (11th Cir. 2015). "A sweeping, general objection is insufficient to preserve specific sentencing issues for review." Id. at 1238.

In order to establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may

exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id.

First, we find no merit to Mina's claim that the MDLEA is unconstitutional. The MDLEA prohibits the knowing or intentional possession with intent to distribute a controlled substance on a vessel subject to the jurisdiction of the United States. 46 U.S.C. § 70503(a)(1).  It was enacted through Congress's authority provided by the Felonies Clause, U.S. Const. Art. I, § 8, cl. 10, to define and punish felonies committed on the high seas.  Cruickshank, 837 F.3d at 1187.  We've held that Congress did not exceed its authority by enacting the MDLEA, rejecting the arguments that the lack of jurisdictional nexus required to convict under the statute was unconstitutional and that the Fifth and Sixth Amendments were violated by removing the jury's ability to determine jurisdiction.  United States v. Campbell, 743 F.3d 802, 807-12 (11th Cir. 2014).

In Campbell, we fully discussed and dismissed Mina's arguments about the MDLEA.  See Campbell, 743 F.3d at 807-12.  Under our prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled en banc or by the Supreme Court.  Cruickshank, 837 F.3d at 1187.  Since neither this Court sitting en banc nor the Supreme Court has overturned Campbell, his arguments are foreclosed by our prior precedent, and we affirm.  Cruickshank, 837 F.3d at 1187.

3

Nor are we persuaded by Mina's claim that his sentence was unreasonable. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] The district court need not explicitly say that it considered the § 3553(a) factors, as long as the court's comments show it considered the factors when imposing sentence. United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007). A "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," Rita v. United States, 551 U.S. 338, 356 (2007), and "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at 50.

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

If we conclude that the district court did not procedurally err, we consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," based on the "totality of the circumstances." Pugh, 515 F.3d at 1190 (quotation omitted). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). Notably, the district court is permitted to attach great weight to one § 3553(a) factor over others. United States v. Overstreet, 713 F.3d 627, 638 (11th Cir. 2013). We will only vacate a sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quoting Pugh, 515 F.3d at 1191).

Nevertheless, a district court may abuse its discretion if it (1) fails to consider relevant factors that are due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing a proper factor unreasonably. Id. at 1189. Thus, a court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence. United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006). A court also may abuse its discretion

5

by creating an unwarranted sentence disparity among defendants with similar records who are guilty of similar conduct. 18 U.S.C. § 3553(a)(6). However, the need for consistent sentences arises only when the defendants are similarly situated, and defendants with different criminal history categories and differing roles in the conspiracy are not similarly situated. United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009); United States v. Holt, 777 F.3d 1234, 1270 (11th Cir. 2015).

The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). A sentence imposed well below the statutory maximum penalty is another indicator of reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, Mina has not satisfied his burden to prove that his 327-month sentence is procedurally unreasonable, an issue we review for plain error because Mina failed to preserve his objection for procedural reasonableness. Vandergrift, 754 F.3d at 1307.[2] For starters, contrary to Mina's claim that the district court did not consider

---

[2] As the record shows, Mina retracted his objection to the procedural reasonableness of his sentence before the district court, and, even if he had not retracted it, his generic statement of objecting to the procedural reasonableness did not apprise the court and the opposing party of the specific grounds on which appellate relief would be sought. Carpenter, 803 F.3d at 1237-38.

his background, the record reflects that the district court heard Mina's arguments about his impoverished situation and his desire to support his family, and inquired about the money Mina received for the first attempt to transport cocaine in 2011. The court also discussed the seriousness of the offense -- noting that the statutory maximum was life imprisonment and that Mina's first conviction and sentence did not prevent him from committing the same offense again -- and indicated that the repetitive nature of the offense and seriousness of the crime were worthy of more weight than Mina's history and characteristics. In addition, the district court acknowledged Mina's arguments, and articulated other factors -- including protecting the public, ensuring deterrence, and the seriousness of the offense -- that it deemed important. Because the record reflects that the district court considered the relevant factors when imposing Mina's sentence, Dorman, 488 F.3d at 944, that it sufficiently articulated its reasoning for Mina's sentence, making it clear that it had "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority," Rita, 551 U.S. at 356, and that it adequately explained its sentence to "allow for meaningful appellate review and to promote the perception of fair sentencing," Gall, 552 U.S. at 50, the court did not procedurally err, much less plainly err, in imposing Mina's sentence.

Nor has Mina demonstrated that his sentence is substantively unreasonable. As the record reveals, the district court said that it considered the need to protect the

public in denying Mina's downward variance request; to ensure deterrence after, "like a cycle," Mina had repeated his prior offense; and to reflect the seriousness of the offense, including the large amount of cocaine and Mina's role as captain. Moreover, it was well within the district court's discretion to give more weight to Mina's prior conviction, since (1) Mina was still on supervised release from that offense during the instant conduct, (2) the offense conduct in both cases are identical, and (3) both instances included a large amount of cocaine. See Overstreet, 713 F.3d at 638 (holding that the court may attach great one to one factor over the others); Pugh, 515 F.3d at 1191 (holding that we will not second guess the weight that the district court gave to a factor as long as the sentence is reasonable in light of all the circumstances).

As for Mina's argument that he received a disproportionately high sentence compared to his codefendants, it is without merit, because he is not similarly situated to them. See Docampo, 573 F.3d at 1101. Mina's three codefendants all had criminal history categories of I and each received a mitigating role reduction for their status as crew members, compared to Mina's as the captain. With their differing criminal history categories and role in the conspiracy, Mina is not similarly situated to his codefendants and, therefore, the court did not abuse its discretion in imposing a higher sentence on Mina. See Holt, 777 F.3d at 1270.

8

Finally, Mina's sentence is both within the advisory guideline range of 262 to 327 months and well below the statutory maximum of life, which are both indicators of reasonableness.  Gonzalez, 550 F.3d at 1324.  On this record, Mina has not demonstrated that the court failed to consider any relevant factors, gave weight to an improper or irrelevant factor, or committed a clear error of judgment when weighing the factors.  Accordingly, we affirm Mina's conviction and sentence.

**AFFIRMED**.